**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Todd Wesaw, et al.,**

**Plaintiffs,**

**-V-**

**Case No. 2:2005cv0320**
**JUDGE SMITH**
**Magistrate Judge Abel**

**City of Lancaster, et al.,**

**Defendants.**

**OPINION AND ORDER**

Plaintiffs in this action assert , *inter alia,* that they were arrested without probable cause and subjected to excessive use of force, in violation of federal and state law. Defendants move for partial judgment on the pleadings (Doc. 13). For the reasons that follow the Court grants defendants' motion in part and denies it in part.

**I. Facts**

For purposes of ruling on defendants' motion for judgment on the pleadings, the Court accepts as true the well-pleaded facts set forth in the complaint.

Plaintiffs, who are brothers, are individual citizens of the state of Ohio. Defendant City of Lancaster is a political subdivision under Ohio law. Defendant Lancaster Police Department is a subunit of the City of Lancaster. The remaining defendants are individual Lancaster police officers.

The complaint alleges that on April 2, 2003, plaintiffs were socializing at the Doghouse saloon. While there, plaintiffs observed Ronnie L. Malinowski assaulting an unknown female

patron with such force that plaintiffs believed it necessary to defend the woman. Todd Wesaw attempted to defend the woman. Malinowski then stabbed Todd Wesaw with a knife. Plaintiff Wayne Wesaw then came to the aid of the woman and Todd Wesaw.

While plaintiffs were trying to keep Malinowski from injuring anyone else, defendant police officers arrived. Plaintiffs assert that defendant police officers made no attempt to ascertain who had commit a crime and who was a victim. Plaintiffs aver that defendant police officers attacked them from behind. Plaintiffs allege that after defendant police officers took them into custody, they beat and maced plaintiffs. Plaintiffs further assert that defendant police officers arrested and charged plaintiffs after defendant police officers determined that plaintiffs were not the perpetrators.

## II. Motion to Dismiss

The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that used to address a motion to dismiss under Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. Schuer v. Rhodes, 416 U.S. 232, 236 (1974). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on

the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 857, 858 (6th Cir. 1976). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (emphasis in original, quotes omitted).

> "[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

Id.

## III. Discussion

### A. Capacity to be sued

Defendants first argue that defendant Lancaster Police Department should be dismissed from this lawsuit because it is not an entity capable of being sued. Plaintiffs concede this point. The Court therefore dismisses the Lancaster Police Department from this action.

**B. Claims under Fifth, Sixth and Fourteenth Amendments**

Defendants next argue that the Court should dismiss plaintiffs' claims under the Fifth, Sixth and Fourteenth Amendments. Plaintiffs appear to concede that they do not state a claim under the Sixth Amendment, and leave it to the Court's "discretion" as to whether such a claim should be dismissed. This is not a matter of discretion, however; rather it is a matter of whether plaintiffs have alleged facts to support such a claim. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. Amen. VI. The Court finds that even when the complaint is construed in the light most favorable to plaintiffs, the complaint does not state a claim under the Sixth Amendment.

Plaintiffs contend that the Court should not address their claims under the Fifth and Fourteenth Amendment until after discovery is complete. Plaintiffs' argument ignores their minimal burden of notice pleading. The question is whether, under the liberal notice pleading standard of Fed. R. Civ. P. 8(a), plaintiffs have pleaded facts implicating a denial of their rights protected by the Fifth and Fourteenth Amendments. The Fifth Amendment provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. Amen. V Sec. 1. As defendants point out, plaintiffs have not pleaded facts implicating their grand jury rights, double jeopardy, self-incrimination, or taking without just compensation. Furthermore, the Fifth Amendment's Due Process Clause applies to the federal government; the Fourteenth Amendment's Due Process Clause applies to the States. See generally Sturgell v. Creasy, 640 F.2d 843, 850 (6th Cir.1981); Walker v. Hughes, 558 F.2d 1247, 1257 (6th Cir.1977). The Court dismisses plaintiffs' claims under the Fifth Amendment.

Section 1 of the Fourteenth Amendment provides as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The elements of a procedural due process claim are (1) deprivation of a protected interest (2) without appropriate procedural safeguards. See Midkiff v. Adams County Regional Water Dist., 409 F.3d 758, 762-63 (6th Cir. 2005). Here, plaintiffs' allegations do not support an inference that plaintiffs suffered harm as a result of any lack of procedural safeguards.

Substantive due process claims entail (1) deprivations of particular constitutional rights and (2) conduct that "shocks the conscience." Id. at 769.

> While excessive force claims are often best analyzed under the Fourth Amendment's protection against unreasonable seizures, Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court has recently cautioned that not "all constitutional claims relating to physically abusive government conduct must arise under either the Fourth or Eighth Amendments[.]" United States v. Lanier, 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). Instead, the Court noted that "Graham simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard

> appropriate to that specific provision, not under the rubric of substantive due process." Id. Thus, while the Fourth Amendment "objective reasonableness" analysis should be used in excessive force cases involving searches and seizures, where there is no search or seizure, the Supreme Court has held that the substantive component of the Fourteenth Amendment's due process clause is the most appropriate lens with which to view an excessive force claim. County of Sacramento v. Lewis, 523 U.S. 833, 843- 44, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

Darrah v. City of Park, 255 F.3d 301, 305-06 (6th Cir. 2001). In the instant case, the alleged excessive force was incidental to plaintiffs' arrest. As such, plaintiffs' claims arise under the Fourth Amendment, and not substantive due process.

In addition, plaintiffs do not assert that defendants acted on the basis of classification, and therefore plaintiffs' complaint does not raise equal protection concerns. For the above reasons, the Court dismisses plaintiffs' Fourteenth Amendment claims to the extent that they attempt to assert violations of due process or equal protection. The Court nonetheless does not dismiss plaintiffs' Fourteenth Amendment claims entirely, as it is through the Fourteenth Amendment that the requirements of the Fourth Amendment apply to the States. Mapp v. Ohio, 367 U.S. 643, 650-51 (1961); Myers v. Potter, 442 F.3d 347, 352 (6th Cir. 2005).

**C. Claims under 42 U.S.C. § 1985**

Defendants next contend that plaintiffs' claims under 42 U.S.C. § 1985 are barred. Plaintiffs agree, and offer to voluntarily dismiss their § 1985 claims without prejudice. Defendants do not appear to object to dismissal without prejudice. The Court dismisses plaintiffs' claims under 42 U.S.C. § 1985 without prejudice.

**D. Claims under 42 U.S.C. § 1988**

Defendants further argue that plaintiffs' claim under 42 U.S.C. 1988 is barred. The Court agrees with defendants insofar as § 1988 does not represent an independent claim for relief, and provides as its only remedy that a prevailing party may recover reasonable attorney's fees and expert's fees. 42 U.S.C. § 1988(b), (c). To the extent plaintiffs' seek other relief under § 1988, their claims are dismissed.

**E. Claims under Ohio Constitution**

Defendants additionally assert that plaintiffs cannot maintain their claims brought under the Ohio Constitution. Specifically, defendants contend that the provisions of the Ohio Constitution do not give rise to a private cause of action for damages. For this proposition, defendants rely upon Provens v. Stark Cty. Bd. of Mental Retardation, 64 Ohio St.3d 252 (1992) and Burr v. Burns, Case No. C2-04-1118, 2005 WL 1969532 (S.D. Ohio Aug. 12, 2005). Burr is factually similar to the instant case inasmuch as it concerned Fourth Amendment claims for arrest without probable cause and excessive force. In Burr, the learned Judge Sargus observed:

> In Provens v. Stark Cty. Bd. of Mental Retardation, the Ohio Supreme Court determined that there is no private cause of action for torts allegedly arising under the Ohio constitution. 64 Ohio St.3d 252, 261, 594 N.E.2d 959, 966 (1992). Relying on Bush v. Lucas, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the court declined to create new "constitutional torts." Provens, 64 Ohio St.3d at 256-7, 594 N.E.2d at 962. Ultimately, the Ohio Supreme Court concluded:
>
> > [T]here [is] no private constitutional remedy for the plaintiff-appellant's claims in that the Ohio Constitution itself does not provide for a civil damage remedy. Further, in that there are rather extensive legislative and regulatory schemes providing for the bringing of complaints and charges emanating from civil rights violations, ... the plaintiff has sufficiently broad and inclusive remedies for her alleged wrongs.
>
> 64 Ohio St.3d at 261, 594 N.E.2d at 966.
>
> As applied to this case, Plaintiffs' claim under the search and seizure provisions of the Ohio Constitution is a restatement of their federal claim under

> the Fourth Amendment to the United States Constitution. Section 1983 provides a full panoply of remedies for a search and seizure claim under the United States Constitution. Because violations of rights secured under the Ohio Constitution do not, in and of themselves, confer a private right of damages and because a full remedy is available to Plaintiffs without invoking the protections of the state constitution, this Court **GRANTS** Defendants' Motion to Dismiss Plaintiffs' claim for violations of the Article 1, Section 1.14 of the Ohio State Constitution.

2005 WL 1969532, at *10. Likewise, in the instant case, plaintiffs have a full panoply of remedies for their Fourth Amendment claims through 42 U.S.C. § 1983. For this reason, the Court dismisses plaintiffs' claims brought under the Ohio Constitution.

### F. Political subdivision immunity

Defendants next argue that the City of Lancaster is immune from plaintiffs' claims brought under Ohio law pursuant to political subdivision immunity as provided in Ohio Rev. Code § 2744.02(A) . Plaintiffs maintain that their Ohio law claims against Lancaster cannot properly be dismissed until after some discovery is completed.

Determination of immunity under Chapter 2744 requires a three-tiered analysis. Cater v. Cleveland, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998). First, the Court must examine whether the political subdivision meets the requirements of Ohio Rev. Code § 2744.02(A)(1). Id. If the political subdivision meets the first test, then the Court must go on to determine whether any of the five exceptions to immunity listed in Ohio Rev. Code § 2744.02(B) apply. Id. Third, if any of the exceptions listed in Ohio Rev. Code § 2744.02(B) apply, then the Court must consider whether the political subdivision is nevertheless immune under one of the defenses set forth in Ohio Rev. Code § 2744.03. Id.

The Court will begin by examining Chapter 2744's general immunity provision:

> For purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

Ohio Rev. Code § 2744.02(A)(1). It is beyond dispute that the City of Lancaster is a political subdivision within the meaning of Ohio Rev. Code § 2744.02(A)(1). The City of Lancaster has satisfied the first tier of the Chapter 2744 immunity analysis. The Court will proceed to address the second tier.

Plaintiff does not argue that any of the exceptions of Ohio Rev. Code § 2744.02(B) apply in the instant case. The Court agrees with defendants that the only exception that could arguably apply is Ohio Rev. Code § 2744.02(B)(2). Section 2744.02(B)(2) provides as follows:

> Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

The provision of police services entails governmental rather than proprietary functions. Ohio Rev. Code § 2744.01(C)(2)(a). The exception to immunity set forth in Ohio Rev. Code § 2744.02(B)(2) therefore does not apply. Furthermore, this determination does not turn on factual issues that would be determined after discovery. The Court concludes that the City of Lancaster is immune from plaintiffs' state law claims pursuant to Ohio Rev. Code § 2744.02(A), and, accordingly, the Court dismisses plaintiffs' state law claims against the City of Lancaster.

**G. Statute of limitations**

Defendants further contend that plaintiffs' Ohio common law claims for assault, malicious prosecution, and false imprisonment are barred under the applicable statute of limitations. Plaintiffs do not dispute that their Ohio common law claims for assault, malicious prosecution, and false imprisonment are governed by the one-year limitations provision of Ohio Rev. Code § 2305.11. The incident in question took place on April 2, 2003. Plaintiffs filed their complaint more than two years later, on April 4, 2005. As plaintiffs appear to concede, their

Ohio common law claims for assault, malicious prosecution, and false imprisonment are barred under Ohio Rev. Code § 2305.11. The Court therefore dismisses plaintiffs Ohio common law claims for assault, malicious prosecution, and false imprisonment.

**H. Negligent infliction of emotional distress**

Defendants next argue that plaintiffs' claims of negligent infliction of emotional distress against the individual police officers are barred under Ohio Rev. Code § 2744.03(A)(6). In response, plaintiffs offer to dismiss their claims of negligent infliction of emotional distress without prejudice pursuant to Fed. R. Civ. P. 41(a). Defendants do not object to dismissal without prejudice. The Court dismisses plaintiffs' claims of negligent infliction of emotional distress against the individual police officers without prejudice.

**I. Claims under Ohio Rev. Code § 2921.45**

Defendants maintain that Ohio law does not permit plaintiffs to bring a civil claim under a criminal statute. Plaintiffs argue that such claims are authorized by Ohio Rev. Code § 2307.60(A), which provides as follows:

> Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code. No record of a conviction, unless obtained by confession in open court, shall be used as evidence in a civil action brought pursuant to division (A) of this section.

Defendants contend "the language of the statute merely provides that victims of crime may bring an action for damages and attorney fees if authorized by a specific statute or the common law." Defendants misstate the thrust of the current statute. Under the current version of Ohio Rev. Code § 2307.60(A), a civil action arises from a criminal act that has caused damage unless such an action has been "specifically excepted by law." Defendants have not shown that plaintiffs' claims under Ohio Rev. Code § 2931.45 are specifically excepted by law. The Court denies this branch of defendants' motion for judgment on the pleadings.

**J. Punitive damages**

Lastly, defendants contend that plaintiffs punitive damages claims against the City of Lancaster are barred under federal and state law. Defendants are correct. See City of Newport v. Fact Concerts, 453 U.S. 247, 271 (1981); Ohio Rev. Code § 2744.05(A). Plaintiffs do not dispute this issue. The Court dismisses plaintiffs' claims for punitive damages against the City of Lancaster.

**IV. Disposition**

Based on the above, the Court **GRANTS IN PART AND DENIES IN PART** defendants' motion for partial judgment on the pleadings (Doc. 13).

The Clerk shall remove Doc. 13 from the Court's pending CJRA motions list.

**IT IS SO ORDERED.**

**/s/ George C. Smith**
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**